UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JUSTIN RYAN KEAGHEY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-12899** |
| **SECURUS TECHNOLOGIES AND T-NETIX INC., ET AL.** | **SECTION "E" (4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C) and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that the matter can be disposed of without an evidentiary hearing.

**I.  Factual Background**

**A.  The Complaint**

The plaintiff, Justin Ryan Keaghey ("Keaghey"), filed this *pro se* and *in forma pauperis* complaint pursuant to Title 42 U.S.C. § 1983 against Securus Technologies and T-Netix Inc., Smart Communications U.S. Inc., Terrebonne Parish District Attorney Office, Terrebonne Parish Public Defender Board, 32nd Judicial District Court Divisions A-E, Terrebonne Parish Sheriff's Office, the Terrebonne Parish Criminal Justice Complex (TPCJC), and HTV 10. On August 20, 2019, Keaghey was arrested and charged with false imprisonment, resisting an officer, domestic abuse battery involving strangulation and simple criminal damage to property, and is currently incarcerated in Terrebonne Parish Jail.

Keaghey alleges that the Terrebonne Parish Justice Complex has denied rights of "said parties" of which he is the only plaintiff. He contends that "parties" were not given the right to judicial review, right to access to the courts, suffered defamation of character by the press, and obstruction of justice. He alleges that he was denied access to information in news organizations' press and websites that published information on people charged with crimes before they were convicted. Keaghey contends that the publication of arrest information before conviction taints the prospect of a fair jury trial. Consequently, Keaghey contends that any newspaper that publishes the arrest information pre-conviction should be held accountable for slander.

Keaghey seeks an acquittal from the charges, compensation, help with correcting his life, and dismissal of the indictment against "us". He further seeks time to remain in jail to gather his things and allotment of his matter to Judge David W. Arceneaux.

**II.     Standards of Review**

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v.*

2

*Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Himnandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiffs' claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

    **III.**   <u>**Analysis**</u>

        **A.**   <u>**Securus Technologies, T-Netix Inc., and Smart Communications US Inc.**</u>

Keaghey named Securus Technologies and T-Netix, Inc. ("Netix") as defendants. According to the complaint, these defendants either created, operated, or designed the phone system the inmates are forced to use to communicate with at the Terrebonne Parish Criminal Justice Complex. Defendant Smart Communications US Inc. ("Smart Communications") is the company whose mail and e-mail system used at the Terrebonne Parish Criminal Justice Complex . He does not set forth any allegations against Smart.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *Cornish v. Correctional Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005). To constitute state action two requirements must be met: 1) "the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible," and 2) "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil*

*Co.*, 457 U.S. 922, 936 n. 18 (1982). Traditionally, "acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)).

"[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Manufacturers Mutual Insurance Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) (internal quotation marks omitted). In keeping with this rule, neither a private company nor a private individual are generally considered to act under color of law and are not state actors to be held liable under § 1983. *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005) ("Private individuals generally are not considered to act under color of law, i.e., are not considered state actors...."); *Pleasant v. Caraway*, 25 F.3d 1044, at *1 (5th Cir. June 6, 1994) (Table, text in Westlaw) (same).

Here, the plaintiff has met the foregoing requirements. There are no facts to plausibly suggest that there was an agreement between a state actor and the private defendants. Accordingly, the court necessarily concludes that these private defendants are not state actors subject to liability under § 1983. *See In re Seaberry*, No. 17-04570, 2019 WL 1590536, at *13 (Bankr. S.D. Miss. Apr. 16, 2019) (statutory foreclosure sale procedures do not constitute "state action" as to invoke the protections of the due process clause of the Fourteenth Amendment) (citations omitted). As such, the claims against the Securus Technologies, T-Netix, and Smart Communications are frivolous and otherwise fail to state a claim for which relief can be granted and should be dismissed for that reason.

### B. <u>Non-suable Entities</u>

Keaghey also named the Terrebonne Sheriff's Office, the District Attorney's Office, the Terrebonne Criminal Justice Complex, and the Public Defender Board. However, none of these entities are subject to being sued as detailed below.

#### 1. <u>Terrebonne Sheriff's Office</u>

Keaghey has also named the Terrebonne Parish Sheriff's Office as a defendant in this action.   He does not set forth any particular allegation against the office.

Section 1983 imposes liability on any "person" who violates someone's constitutional rights under color of law.   42 U.S.C. § 1983; *see Will v. Mich. Dep't of St. Police*, 491 U.S. 58 (1989).   "However, a parish sheriff's office is not a legal entity capable of being sued in a federal civil rights action." *Francis v. Terrebonne Parish Sheriff's Office*, No. 08-4972, 2009 WL 4730707, at *2 (E.D. La. Dec. 9, 2009) (citing *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir. 2002)); *see also Williamson v. Louisiana*, No. 08-4598, 2008 WL 5082911, at *3 (E.D. La. Nov. 24, 2008); *Fitch v. Terrebonne Parish Sheriff Dep't*, No. 06-3307, 2006 WL 2690077, at *2 (E.D. La. Sept. 18, 2006).

Because the Terrebonne Sherriff's Office is not a person or suable entity to be held liable under § 1983, the claim against the Terrebonne Sherriff's Office is frivolous and otherwise fails to state a claim for which relief can be granted and should be dismissed pursuant to 28 U.S.C. § 1915, § 1915A and 42 U.S.C. § 1997e.

#### 2. <u>Terrebonne Criminal Justice Complex</u>

The Terrebonne Parish Criminal Justice Complex simply not a proper defendant and Keaghey does not set forth any allegation against the TPCJC.

5

Section 1983 imposes liability on any "person" who violates someone's constitutional rights under color of law. 42 U.S.C. § 1983; *see Will v. Mich. Dep't of St. Police*, 491 U.S. 58 (1989). Under federal law, a county or parish prison facility simply is not recognized as a "person" within the meaning of the statute. *Douglas v. Gusman*, 567 F. Supp.2d 877, 892 (E.D. La. 2008) (Order adopting Report and Recommendation) (citing *United States ex rel. Arzonica v. Scheipe*, 474 F.2d 720, 721 (3rd Cir. 1973)); *Cullen v. DuPage County*, No. 99-1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); *Whitley v. Westchester County Corr. Facility Admin.*, No. 97-0420, 1997 WL 659100, at *6 (S.D.N.Y. Oct. 22, 1997); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993); *Hancock v. Washtenaw County Prosecutor's Office*, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982).

In addition, a parish prison is not a proper defendant because it lacks capacity to sue or be sued as required by Fed. R. Civ. P. 17(b). An entity's capacity to be sued is determined by reference to the law of the state in which the district court sits. Fed. R. Civ. P. 17(b). Although the Louisiana courts have not ruled on the issue of whether a parish jail is a suable entity, this Court must look to Louisiana law to determine if a jail can itself be sued.

To possess such a capacity under Louisiana law, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as ". . . an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24. In Louisiana, jail facilities are not "legally empowered to do" anything independently of either the respective parish officials or the parish sheriff. *See Roberts v. Sewerage and Water Bd. of New Orleans*, 634 So. 2d 341, 347 (La. 1994). This Court also has held that "a prison or jail or its administrative departments are not entities that can be sued under Section 1983 because they are not juridical

entities under state law capable of being sued and/or because they are not persons for purposes of suit under Section 1983 as the statute and case law define that term." *Douglas*, 567 F. Supp.2d at 892. In other words, a parish jail is "not an entity, but a building." *See Jones v. St. Tammany Parish Jail*, 4 F. Supp.2d 606, 613 (E.D. La. 1998) (dismissing with prejudice the St. Tammany Parish Jail as an improper defendant); *see also Kerr v. Orleans Parish Sheriff's Office Prison*, No. 15-0746, 2015 WL 4755174 (E.D. La. Aug. 10, 2015).

For these reasons, the Terrebonne Criminal Justice Complex is not a person or suable entity to be held liable under § 1983. The claims against the Terrebonne Criminal Justice Complex are frivolous and otherwise fail to state a claim for which relief can be granted and should be dismissed pursuant to 28 U.S.C. § 1915, § 1915A and 42 U.S.C. § 1997e.

### 3. Terrebonne Parish District Attorney's Office

Keaghey named the Terrebonne Parish District Attorney's Office. He does not set forth any particular allegation against it. However, Keaghey presumably sued the office because they are prosecuting the charges filed against him.

However, "[c]riminal prosecutors . . . enjoy absolute immunity from claims for damages asserted under [42 U.S.C.] § 1983 for actions taken in the presentation of the state's case." *Watson v. Walton*, 68 F.3d 465 at *1 (5th Cir. 1995) (quoting *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994)). "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997).

"Absolute immunity is not a rigid, formal doctrine, but attaches to the functions a prosecutor performs." *Moon v. City of El Paso*, 906 F.3d 352, 359 (5th Cir. 2018). The Fifth Circuit

7

has consistently held that the decision of when and whether to file criminal charges clearly falls within the scope of a district attorney's prosecutorial duties protected by absolute prosecutorial immunity. *Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009); *Workman v. Calogero*, 174 Fed. App'x. 824, 826 (5th Cir. 2006). Absolute immunity shields prosecutors even when they act "maliciously, wantonly, or negligently." *Loupe v. O'Bannon*, 824 F.3d 534, 539 (5th Cir. 2016). For these reasons, the claim filed against the Terrebonne District Attorney's Office is frivolous and should be dismissed.

### 4. The Judges of Divisions A-E.

Keaghey next named the 32nd Judicial District Court Judges, Divisions A through E as defendants. Again, while not specifically detailed, Keaghey seemingly does not wish his matter to be tried by these judges as he specifically sought that his matter be tried by Judge David W. Arceneaux. He does not allege that any of the judges of Divisions A through E engaged in any specific act, and presumably, if they did, it would be to sit in judgment of the charges the state has filed. This, however, is exactly the role of a judge.

The Judges of Divisions A-E clearly cannot be held liable under § 1983. Any claim against him in them official capacity would be barred for two reasons.

First, they are state official, and a state official in his official capacity is not considered a "person" amenable to suit under § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989) (holding a suit against an official in official capacity is not a suit against the individual person but a suit against the official's office); *Boyd v. Lasher*, Civ. Action No. 09-7645, 2010 WL 677663, at *2 (E.D. La. Feb. 24, 2010) (finding a judge is a state official and state officials acting in that capacity are not considered to be "persons" within the meaning of § 1983);

*McCloud v. Craig*, Civ. Action No. 09-3287, 2009 WL 2515609, at *5 (Zainey, J) (E.D. La. Aug. 17, 2009) (same).

Second, because an official-capacity claim against these judges would in reality be a claim against the state itself, and any such claims would be barred by the Eleventh Amendment. *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 188 (5th Cir. 1986); *Doris v. Van Davis*, Civ. Action No. 08-4138, 2009 WL 382653, at *2 (E.D. La. Feb. 12, 2009) (explaining judgment against a Louisiana state judge in official capacity would be satisfied out of the state treasury rendering a claim against the judge a claim against the state); see also *Wallace v. Texas Tech University*, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996) ("Suits against state officials in their official capacity are considered to be suits against the individual office, and so are generally barred as suits against the state itself.").

Moreover, any claim for monetary damages asserted against the judges in their individual capacity would be barred by his absolute judicial immunity. *See Bradley v. Fisher*, 80 U.S. 335, 351, (1871); see also *Harper v. Merckle*, 638 F.2d 848, 856 n.9 (5th Cir. 1981); *Washington v. Louisiana*, Civ. Action No. 09-3186, 2009 WL 2015556, at *5 (E.D. La. June 30, 2009); *Wiggins v. Vondenstein*, Civ. Action No. 06-10813, 2007 WL 203970, at *3 (E.D. La. Jan. 24, 2007). Therefore, the claim against the 32nd Judicial District Court Judges, Divisions A through E is frivolous and otherwise fails to state a claim which relief may be granted and should be dismissed for that reason.

### C. **Denial of Access to Courts**

Broadly construed, Keaghey alleges that he presumed innocent and has a right to judicial review and access to the Court. He later alleges that his matter should be allotted to Judge David

W. Arceneaux's division. He does not explain otherwise that his matter is not allotted to a judge, but he has named all of the other divisions of court as defendants in this matter

Prisoners have a First Amendment right of meaningful access to the courts through adequate law libraries or assistance from legally trained personnel. *Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Dickinson v. Texas, Fort Bend County*, 325 F. App'x. 389, 390 (5th Cir. 2009); *Sandoval v. Johns,* 264 F.3d 1142, No. 00-41276, 2001 WL 822779, at *1 (5th Cir. June 29, 2001) (Table, Text in Westlaw); *McDonald v. Steward*, 132 F.3d 225, 230 (5th Cir. 1998); *Degrate v. Godwin*, 84 F.3d 768, 768-69 (5th Cir. 1996). However, "[w]hile the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Vaccaro v. United States*, 125 F.3d 852, 1997 WL 574977, at *1 (5th Cir. Aug. 28, 1997) (quoting *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993)); *Eason v. Thaler,* 73 F.3d 1322, 1328 (5th Cir. 1996).

To state a non-frivolous claim that his constitutional right of access to the courts was violated, Keaghey must alleged facts that describe how his right of access to the courts have been impeded. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). He must also demonstrate that his position as a litigant was actually prejudiced. *Lewis,* 518 U.S. at 356; *Cochran v. Baldwin*, No. 05-20100, 2006 WL 2418945, at *1 (5th Cir. Aug. 18, 2006); *Smith v. Polunsky*, 233 F.3d 575, No. 00-40362, 2000 WL 1468717, at *1 (5th Cir. Sep. 5, 2000); *Eason*, 73 F.3d at 1328. In *Lewis*, the Supreme Court made clear that an inmate must establish actual injury for his claim to reach the level of a constitutional violation.

Keaghey does not allege anything more than he has a right to judicial review and access to the courts. He does not assert that he has been prejudiced in the pursuit of a legal claim. Further, Keaghey has made no such allegation of injury. For this reason, Keaghey' s claim for denial of access to the courts if frivolous and should be dismissed.

### D.      HTV 10

Keaghey finally alleges that HTV 10 reported the news of his arrest when he is entitled to a presumption of innocence. He alleges because the news company reported his arrest that his right to a fair jury trial would be impeded. Consequently, he contends that the media company should be held liable for defamation.

Section 1983 has different pleading requirements for defamation in comparison to Louisiana tort law. "To establish a Section 1983 claim based on injury to reputation, plaintiff must show a stigma plus infringement of some other interest." *San Jacinto Sav. & Loan v. Kacal*, 928 F.2d 697, 700-01 (5th Cir. 1991) (emphasis in original). To allege that a "stigma" has occurred, "a claimant must prove that the stigma was caused by a false communication" from "concrete, false factual representations or assertions." *Id.* at 701 (emphasis added). The "infringement" requirement is met when the plaintiff proves that "the state sought to remove or significantly alter a life, liberty, or property interest recognized and protected by state law or guaranteed by one of the provisions of the Bill of Rights that has been incorporated." *Id.* at 701-02 (emphasis added).

In this case, Keaghey does not allege that the state had any involvement in reporting that he was arrested on any of the charges. Consequently, Keaghey's complaint fails to allege the existence of the infringement requirement.

Keaghey has also failed to state a claim for defamation under Louisiana law. The four elements necessary to establish a defamation cause of action under Louisiana tort law are: 1) a false and defamatory statement concerning another; 2) an unprivileged publication to a third party; 3) fault of negligence or greater on the part of the publisher; and 4) resulting injury. *See Costello v. Hardy*, 864 So. 2d 129, 139 (La. 2004). Additionally, to prevail on a defamation action, the plaintiff must prove that the defendant acted with actual malice. *See Badeaux v. Southwest Computer Bureau*, Inc., 929 So.2d 1211, 1218 (La. 2006).

In order to meet the burden of proof for actual malice, the plaintiff must show that the defendant's publication was made with a "high degree of awareness of probable falsity" or "entertained serious doubts about the truth of his publication." *See Tarpley v. Colfax Chronicle*, 1994-2919 (La. 2/17/95), 650 So.2d 738, 740 (citing *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 667 (1989)).

In this case, Keaghey has not alleged that the publication of his arrest was false, nor is an allegation of negligence or fault on the fault of the media company asserted Additionally, Keaghey has not alleged an actual injury. Keaghey, a pretrial detainee, alleges that he believed that reporting an arrest before trial could taint his prospective jury. Keaghey's attempt to set forth a defamation claim against HTV 10 is frivolous and otherwise fails to state a claim which relief can be granted and should be subject to dismissal for that reason.

### IV. Recommendation

**IT IS THEREFORE RECOMMENDED** that Justin Ryan Keaghey's claims against Securus Technologies and T-Netix Inc., Smart Communications U.S. Inc., Terrebonne Parish District Attorney Office, Terrebonne Parish Public Defender Board, 32nd Judicial District Court

Divisions A-E, Terrebonne Parish Sheriff's Office, the Terrebonne Parish Criminal Justice Complex (TPCJC), and HTV 10 be **DISMISSED** as his claims against the defendants are frivolous and otherwise fail to state a claim for which relief can be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996). [1]

New Orleans, Louisiana, this __7th_____ day of August 2020.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.